ACEVEDO *v.* ESTATE OF CABALLERO.

APPEAL from the District Court of Humacao.

No. 151.—Decided November 28, 1905.

CONTRACTS—INTENTION OF PARTIES.—The intention of the contracting parties must always be considered in the interpretation of contracts and must be strictly followed and complied with.

EVIDENCE—PRESUMPTION.—One of the means of proving rights is by presumption, as provided for by the law, and the parties may avail themselves thereof in an action in order to prove their respective rights.

ID.—REQUIREMENTS.—In order that a presumption may be indulged as a means of proof, it is necessary that the fact from which it is deduced should be clearly shown, and moreover, that there be a direct connection, according to the rules of human judgment, between the fact certain and the one which it is sought to deduce.

ID.—CIVIL AND ACTUAL POSSESSION OF REAL ESTATE.—Where from the evidence introduced on a trial, civil possession is proved as the result of the ownership of property in favor of one of the parties, and the actual possession in favor of another party as a consequence of his actually holding the same, the essential requirements are lacking, according to the foregoing rules and doctrine, to establish a legal presumption derived from the ownership or civil possession; that is to say, those referring to the delivery of a thing sold by public deed and the right ot accession with respect to the products of the property, the presumption being, on the contrary, that the person who is in the actual possession of the property has utilized and enjoyed said products.

PRIVATE DOCUMENT—CONVERSION THEREOF INTO PUBLIC DOCUMENT.—A private document containing a promise to sell and whereby the ownership of the property acquired by one of the parties is limited, is a contract which should be set down in a public instrument, and as soon as one of the parties demands that the same be converted into a public instrument, if the other should refuse, the court must require him to make such conversion.

ID.—PROBATIVE FORCE OF PRIVATE DOCUMENTS.—A failure to embody an agreement in a public deed will in no wise destroy the binding force of a private contract between the parties entering into the same.

The facts are stated in the opinion.

*Mr. Lopez Landron* for appellant.

*Mr. Juan Guzman Benitez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The Estate of Andrés Acevedo by public deeds executed before a notary, dated August 5th and 22d, and December

10th, sold to Eladio Caballero a rural estate which the purchaser, Eladio Caballero, had been using as owner for some months previous.

Juan de Jesus Acevedo, one of the members of the vendor estate, desired to recover the property which had belonged to his father, but as the purchaser, Caballero, had delivered the purchase price, and had in addition furnished Juan de Jesus Acevedo on a number of occasions with sums of money for the general maintenance of the estate, both parties executed the following private document:

"In Caguas, *barrio* of Beatriz, October 2, 1894, before the undersigned witnesses, Eladio Caballero and Juan Acevedo, both of them landowners and over 25 years of age, being present, mutually agreed: That the 86 *cuerdas* of land which Juan Acevedo owns in the *barrio* of Borinquen, adjoining on the north and west lands of Landelino Aponte, on the east lands of Modesto and Jose Sola, and on the south lands of Juan Santana, stand in the name of Caballero by virtue of four deeds executed before a notary by Hermenegilda Acevedo, accompanied by her lawful husband, Juan Garcia, Maria Jose de Lugo, Felipe Angelino Ribot, Juana Bta. Tirado and the said Juan Acevedo, as well as the widow, Carmen Acevedo; that these deeds were executed in favor of Caballero to secure the sum of 1,963.29 *pesos,* which the said Acevedo had on different occasions borrowed from Caballero both for the purphase of these parts of the inheritance and the maintenance of the Estate in general, as shown by the books of Caballero, the liquidation of which has been made on this date by both, assisted by their mutual friend, Vicente R. Muñoz, it being mutually agreed that as soon as Acevedo shall pay said sum to Caballero, the latter will execute a deed for said land to the said Acevedo; and that neither shall dispose of said land by sale, or do anything else with respect thereto which will encumber it in any manner, unless an agreement should first be made by both interested parties. It is also agreed by the parties that Acevedo shall pay to the creditor, Caballero, in the month of May, 1891, the proceeds from 25 *cuerdas* of sugar-cane rattoons and first-crop cane thereon planted, on account of the indebtedness, without prejudice to other payments the debtor may make, and the interest on said sum at the rate of 1 per cent, as also agreed, and that at the time fixed for the payment of the proceeds from the sugar-cane, a new settlement and arrangement for the remainder of the debt shall

be made. It has also been agreed that this document, although extra-judicial, be given the same value as if executed before a notary, the parties mutually authorizing each other to convert it into a public deed if it became necessary; and for this purpose, and for the purposes resulting from this agreement, they formally waive in general all laws, customs, and rights in their favor. They so stated, and the party capable of doing so signed it after it had been read aloud, while one of the witnesses signed for the other, Juan Acevedo, who was not able to do so for himself. The witnesses were Narciso Sola, Gervasio Garcia and Vicente R. Muñoz.—Eladio Caballero (rubric). At the request of Juan Acevedo and as witness, Vicente R. Muñoz (rubric). Witness: Gervasio Garcia (rubric). Witness: Narciso Sola (rubric)."

Juan de Jesús Acevedo brought an action on June 4, 1902, against the Estate of Eladio Caballero, the latter having died, and concluded his complaint praying:

"First. That it be adjudged that the foregoing private document be converted into a public deed.

"Second. That it be adjudged that the proceeds of the 25 *cuerdas* of sugar-cane, consisting of rattoons and first-crop cane, be determined, and that the detailed account current of the deceased Caballero with Juan Acevedo be produced.

"Third. That it be adjudged that the credit of Eladio Caballero, referred to in said document, having been paid, a deed of return, restitution or reconveyance of the rural estate containing 100 *curdas* more or less, in the *barrio* of Borinquen, in the jurisdiction of Caguas, the subject matter of the action, be executed in favor of Acevedo, and that it and the fruits produced or which it should have produced since the date of the settlement of said account, be delivered to him, and

"Fourth. That it be adjudged to pay damages and all the costs of this litigation."

Counsel for the Estate of Eladio Caballero, the defendant, substantially acknowledged the facts alleged in the complaint, but absolutely denied that Eladio Caballero or his Estate had harvested the 25 *cuerdas* of sugar-cane and had appropriated the proceeds thereof, because Acevedo, who held possession at sufferance, planted the same with the consent of Caballero,

and agreed to pay with the proceeds therefrom the sums furnished by the latter, but that he had not paid a single cent since the expiration of the term in May, 1895. Therefore, the Estate is not obliged to return the property in question, and it prayed for the dismissal of the complaint, with the costs against the plaintiff.

All the deeds executed by the Estate of Acevedo in favor of Eladio Caballero by which the participants sold him their shares in the estate in question, were introduced in evidence, as was also a transcript of the record of an action of unlawful detainer brought by the Estate of Caballero against Juan de Jesus Acevedo, for the dispossession of the property held at sufferance, and a certificate issued by the Registrar of Property to the effect that the possession was recorded in favor of the Estate of Eladio Caballero.

The parties in this litigation are in perfect accord as to these facts.

The plaintiff presented one witness only, Salvador Caballero, who testified as follows:

"That he was the third executor of Eladio Caballero, and that he delivered the property, subject to this litigation, to the Estate; that in 1892 and 1894, there were in all 25 *cuerdas* in sugar-cane, planted by Juan de Jesus Acevedo; that the money for the planting and cultivation had been furnished by Eladio to Acevedo, etc., etc."

The testimony of the witnesses for the defendant supported substantially the allegations contained in the answer to the complaint.

The Humacao court by judgment of October 8, 1903, dismissed the complaint, consequently rendering judgment in favor of the defendant Estate and taxing all the costs against the plaintiff, Juan de Jesus Acevedo, and furthermore ordering the cancellation of the cautionary notice of the action entered in the Registry of Property of Caguas.

This judgment is based on the following conclusions of law:

"First. The private document upon which the complaint is based having been recognized in the answer thereto, and as said document contains a condition empowering the plaintiff to convert it into a public deed, and as no refusal on the part of the defendants to perform the material acts which may be necessary for the exercise of said right by the plaintiff has been proved; and taking into consideration furthermore that such conversion of the contract into a public deed is a right reserved also to the predecessor in interest of the defendant estate, it has not been proved in any way that the plaintiff has the power to require the defendant to exercise his right, nor that the failure to exercise such right prevents the plaintiff from exercising his own.

"Second. The plaintiff bases his complaint upon the allegation that, Eladio Caballero or his Estate having been paid for the 25 cuerdas of sugar-cane, accounts should have been settled and the property restored. This payment having been denied by the defendant in his answer, the burden of the proof thereof was on the plaintiff, who has failed to establish it either by the documentary evidence he has submitted or by the testimony of the only witness he presented. Consequently, the subsequent obligation to liquidate cannot be enforced, inasmuch as its existence depends upon proof of payment having been made, just as the reconveyance of the property, the subject of litigation, could only follow the previous full payment of the price agreed. Furthermore, a plaintiff cannot demand damages when he has not proved that he has performed his obligations.

"Third. The costs must be taxed against the litigant, whose demands have been in all things denied."

From this judgment an appeal was taken by the plaintiff to this Supreme Court on November 16, 1903, which was allowed on the 17th of said month, the record being forwarded to this Supreme Court, and the parties cited and summoned.

In this court only Attorney Rafael Lopez Landron presented a brief on behalf of the appellant, Juan de Jesus Acevedo, and all the parties appeared at the hearing, making their respective oral arguments through their counsel.

In his written brief the appellant alleges "that the fundamental fact of Eladio Caballero having taken charge of the sugar-cane, although denied by the defendants, is established by presumption, by the documentary evidence of both sides

and by the testimony of the executor, Salvador Caballero.'' He therefore alleges a violation of the second paragraph of article 1462 of the Civil Code, which provides that the execution of a public deed shall be equivalent to the delivery of the thing which is the object of the contract, if the contrary does not appear or cannot be clearly inferred from the deed itself. He also claims that this precept has been violated according to articles 348, 350, 354 and 358 *et seq.* of the Civil Code, which define ownership and the right of accession with respect to the products of property.

But let us proceed. If there were nothing more here to be considered than the deeds of sale of the property executed from 1892 to 1893 by the Estate of Juan Andres Acevedo to Eladio Caballero, then the appellant would be right; but subsequently—that is to say, on October 2, 1894—a document containing a contract was executed, and it is necessary to consider the doctrine that the will of the parties is the first and special law to be respected and observed in the matter.

This private document begins by recognizing the ownership of the property in question in favor of Caballero, but it also sets forth that Acevedo had 25 *cuerdas* thereof planted in rattoons and first-crop sugar-cane and he agreed to pay the debt contracted with the proceeds therefrom, which debt was equal to the amount which Caballero paid as the sale price and the sums which he had furnished Acevedo for the general maintenance of the Estate.

There is no doubt that ''presumptions are one of the means of proof established by the law, and of which the parties may avail themselves for the purpose of establishing their rights in court, according to the provisions of articles 1249 and 1253 of the former Civil Code, which are equivalent to sections 1247 and 1220 of the revised Code, provided that they have the requisites prescribed by law, that the fact from which they are to be deduced is fully proved, and that between the fact proved and the one it is desired to deduce there exists

a precise and direct connection according to the rules of human judgment.''

The appellant advances the theory that Eladio Caballero, by the deeds of sale, acquired the ownership of the Estate, and, consequently, also obtained the ownership of the 25 *cuerdas* of sugar-cane planted thereon, and as he used the products thereof as an owner, he is obliged to render an accounting thereof.

This, in view of the private document referred to, is not correct. It may possibly be conceded that Caballero held the possession arising out of ownership, that is to say, civil possession, but the material and actual possession of the sugar-cane was in Acevedo, as proved by the same private document, by the origin which he himself attributes to the debt, and especially by the action of unlawful detainer which the Estate of Caballero was obliged to bring against Acevedo to cause him to vacate the property which he was occupying at sufferance.

And if this be so, there is no precise and direct connection between the fact proved, which would in any case be that of the civil possession in favor of Caballero, and that of the material possession which may be and in this action is in another person, that is, the plaintiff, Juan de Jesus Acevedo.

Hence this man cannot, as appellant, claim in his favor the presumption he alleges, because the essential requisite to permit of this means of proof establishing his right is lacking.

Having thus shown things in their true state, that is to say, that the ownership is vested in the Estate of Eladio Caballero, and the material or actual possession of the *cuerdas* of sugar-cane, in Juan de Jesus Acevedo, on the contrary it is to be presumed that the latter benefited therefrom until the contrary shall be proved, inasmuch as the contract itself shows this with evident clearness.

The appellant, relying always on the same incorrect assumption, asks for the liquidation of the products from said 25 *cuerdas* of sugar-cane.

Every liquidation presupposes an account in which there appear periodical entries of transactions on the debit and credit side of the account or charges and allowances. And what liquidation could the Estate of Caballero now effect when Acevedo has not proved that he has paid a single cent? None. The debt is in existence in its entirety, that is to say, it is in the same condition in which it was at the time of the execution of the private document, the essential key to the decision of each and every one of the points contained in the prayers of the complaint.

The prayers for the execution of a deed of restoration or restitution of the Estate with the fruits thereon produced or which it should have produced, and for indemnity for damages, must abide the same fate.

All is subordinated to the private contract, and it would be unjustly enriching Acevedo to allow his said claims without his having complied with the principal obligation of paying the debt contracted and acknowledged by him in the said document, to the execution of which Eladio Caballero generously acquiesced, notwithstanding the fact that the deed to the property in question stood in his name by virtue of the sale made by the persons who composed the Estate of Juan Andres Acevedo.

There is another point in the prayers contained in the complaint which is also worthy of our consideration, and that is the petition that the defendant Estate be adjudged to reduce to a public deed the private document so many times referred to.

In this document, the parties were mutually empowered to convert it into a public deed if it should become necessary. That right is now exercised by the plaintiff, and as the defendant Estate has denied all the allegations of the complaint, it is also clear that it is to be understood that it opposed this petition, and it becomes necessary to decide whether it should be granted or not.

Article 1279 of the former Civil Code, the equivalent of section 1246 of the Revised Code, reads as follows:

"Should the law require the execution of an instrument or other special formality in order to make the obligation of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in which consent and the other requirements necessary for their validity, have taken place."

And subdivision 2 of article 1280, equivalent to section 1246 of the Revised Code, provides:

"The following must appear in a public instrument:

"1. Acts and contracts the object of which is the creation, modification, or extinction of property rights in real property."

If this be so, and the private document in question apparently treats of a promise to resell, in which, furthermore, the ownership which Caballero had previously acquired is limited, inasmuch as it is stipulated that neither the latter nor Acevedo shall sell the Estate, nor transact any other business with respect thereto resulting in any incumbrance whatever on said Estate, without a previous mutual agreement between the interested parties, said contract must be embodied in a public instrument, and from the instant that either of the parties invokes such provisions and the other party denies them, there is nothing left to be done but to order compliance therewith after the discussions in court in which this was expressly requested, although the failure of the parties to embody their agreement in public deed in no wise destroys the binding force of the private contract which Caballero and Acevedo entered into.

For the reasons stated, I believe that the Estate of Eladio Caballero should be adjudged to convert into a public deed, within the period of five days, the private document executed in Caguas on October 2, 1894, by Eladio Caballero and Juan Acevedo, which is of record, and that the judgment appealed

from, rendered by the Humacao court on October 8, 1903, be affirmed in all other respects, without any special taxation of costs of this appeal.

*So decided.*

Chief Justice Quiñones and Justices Hernandez, Mac-Leary and Wolf concurred.